1  HALL GRIFFIN LLP
   GEORGE L. HAMPTON IV, State Bar No. 144433
2    *ghampton@hallgriffin.com*
   STEPHANIE A. PITTALUGA, State Bar No. 182161
3    *spittaluga@hallgriffin.com*
   1851 East First Street, 10th Floor
4  Santa Ana, California 92705-4052
   Telephone: (714) 918-7000
5  Facsimile: (714) 918-6996

6  Attorneys for Plaintiff Byron Belin

7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| 11  BYRON BELIN, | Case No. 2:21-cv-09586-FWS-PLA |
| 12           Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| 13       vs. | |
| 14  STARZ ENTERTAINMENT, LLC, a Colorado limited liability company; | **1) TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT;** |
| 15  LIONS GATE ENTERTAINMENT INC., a Delaware corporation; CURTIS | |
| 16  J. JACKSON III aka 50 CENT, an individual; G-UNIT BRANDS, INC., a | **2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT;** |
| 17  New York corporation; and G-UNIT FILM & TELEVISION, INC., a New York corporation, | |
| 18 | **3) CONTRIBUTORY TRADEMARK INFRINGEMENT;** |
| 19           Defendants. | **4) VICARIOUS TRADEMARK INFRINGEMENT; AND** |
| 20 | **5) TRADEMARK COUNTERFEITING AND FALSE ADVERTISING** |
| 21 | |
| 22 | **DEMAND FOR JURY TRIAL** |

23

24

25

26

27

28

---

## SUMMARY OF CLAIMS

Plaintiff Byron Belin and his business partner, Darryl Mothershed, have used the registered trademark "BMF" in connection with a variety of entertainment media services including, but not limited to, the production of a YouTube series entitled "BMF The Series" and the provision of promotional services to amateur boxers and MMA fighters under the name "BMF Promotions" (hereinafter, the "BMF Mark"). Belin has marketed and sold services using the BMF Mark, which stands for "Building Money First" continuously since at least 2017, using platforms such as Facebook and YouTube.

In April 2020, Belin learned of Starz Entertainment, LLC's intent to use Belin's BMF Mark in connection with a dramatic television series created and produced by Curtis J. Jackson III aka "50 Cent" and G-Unit Film & Television, Inc. for Starz Entertainment, LLC and Lions Gate Entertainment, Inc. entitled "BMF," which is an acronym for the phrase *Black Mafia Family*.  Through counsel, Belin demanded that Starz cease and desist from using Belin's BMF Mark in connection with the series unless and until Starz licensed Belin's mark.  Although Starz initially stopped using Belin's BMF Mark to promote the series on social media, Starz subsequently refused to engage in any discussions regarding the licensing of the mark "BMF."  Instead, Starz willfully continued to use Belin's BMF Mark without Belin's consent to promote the series and attract millions of new subscribers to the Starz network.  The Starz series "BMF" premiered on September 9, 2021 and is reportedly one of Starz's most successful television series.  As a result of the phenomenal success of the "BMF" series, Starz has already renewed "BMF" for a second season.  Belin brings this action to protect his valuable intellectual property rights in his BMF Mark, and to recover Defendants' profits resulting from their willful and intentional use of Belin's mark without obtaining Belin's consent.

/ / /

/ / /

HALL GRIFFIN

**Jurisdiction**

1.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks), 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws), and 28 U.S.C. § 1367 (supplemental jurisdiction).

**Venue**

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants engaged in business dealings in this district, and Plaintiff Belin suffered harm in this district.

**Parties**

3.     Plaintiff BYRON BELIN ("Belin") is, and at all relevant times herein mentioned was, an individual residing in the State of Texas.  Belin and his business partner, Daryl Mothershed ("Mothershed"), are engaged in entertainment services throughout the United States and on the Internet.

4.     Defendant LIONS GATE ENTERTAINMENT INC. ("Lions Gate") is, and at all relevant times mentioned herein was, a Colorado corporation qualified to do business in California, with its principal place of business located at 2700 Colorado Ave., Santa Monica, California 90404.  Lions Gate is engaged in the marketing, production, and distribution of theatrical and nontheatrical motion pictures and other media throughout the United States and on the Internet.

5.     Defendant STARZ ENTERTAINMENT, LLC ("Starz") is, and at all relevant times mentioned herein was, a Delaware limited liability company qualified to do business in California, with its principal place of business located at 8900 Liberty Circle, Englewood, Colorado 80112.  Starz is engaged in the marketing, production, and distribution of theatrical and nontheatrical motion pictures and other media throughout the United States and on the Internet.  Belin is informed and

HALL GRIFFIN

believes and thereon alleges that Defendant Lions Gate is the parent company of Starz, is in control of Starz, and derives direct financial benefit from the acts of Starz.

6.      Defendant CURTIS J. JACKSON III aka 50 CENT ("Jackson") is, and at all relevant times mentioned herein was, an individual residing in the State of New York.  Belin is informed and believes and thereon alleges that Defendant Starz is in control of Defendant Jackson in regard to the subject matter of this action and derives direct financial benefit from the acts of Jackson.

7.      Defendant G-UNIT BRANDS, INC. ("G-Unit Brands") is, and at all relevant times mentioned herein was, a New York corporation qualified to do business in California, with its principal place of business located at 21713 Ventura Blvd., Ste. 300, Woodland Hills, California 96826.  G-Unit Brands is engaged in the marketing and sale of merchandise throughout the United States and on the Internet. Belin is informed and believes and thereon alleges that Defendant Jackson owns and controls G-Unit Brands and derives direct financial benefit from the acts of G-Unit Brands.

8.      Defendant G-UNIT FILM & TELEVISION, INC. ("G-Unit Film") is, and at all relevant times mentioned herein was, a New York corporation qualified to do business in California, with its principal place of business located at 21713 Ventura Blvd., Ste. 300, Woodland Hills, California 96826.  G-Unit Film is engaged in the marketing and production of theatrical and nontheatrical motion pictures and other media throughout the United States and on the Internet.  Belin is informed and believes and thereon alleges that Defendant Jackson is in control of G-Unit Film and derives direct financial benefit from the acts of G-Unit Film.

/ / /
/ / /
/ / /
/ / /
/ / /

**Facts Common to All Claims for Relief**

9.      **Belin's "BMF 'The Series'" and "BMF Promotions."**  Belin and his partner, Mothershed, are engaged in a variety of entertainment media and other services, and actively use the BMF Mark in connection with "BMF Promotions" which, among other things, produces the YouTube series entitled "BMF 'The Series',"; the promotion of amateur boxers and MMA fighters, music, television production, music, sports/exhibitions, live stage performances, film, and online gaming; and a FaceBook page and group devoted to building a community related to these same categories, also under the BMF Mark.

10.     Belin has marketed and sold services using the BMF Mark, which stands for "Building Money First" continuously since at least 2017, using platforms such as Facebook and YouTube, and enjoys a good reputation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

11.    The YouTube series entitled "BMF The Series" features a storyline based on Belin's and his cohorts' real life experiences building a drug empire during the late 1980s - 1990s, which is depicted below:



FIRST AMENDED COMPLAINT
USDC CASE NO. 2:21-cv-09586-FWS-PLA

12.      Belin is currently licensed through the Texas Department of Licensing and Regulations as a combative sports promoter using the name, "BMF Promotions." Since 2020, Belin also has a promoter's license to use "BMF Promotions" in the State of Arkansas.  A photograph of the Texas License, as posted on BMF The Series' Facebook page, is depicted below:



/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

FIRST AMENDED COMPLAINT
USDC CASE NO. 2:21-cv-09586-FWS-PLA

HALL GRIFFIN

13.     Belin is also licensed under the BMF Mark as a certified kickboxing instructor and nutritionist through the International Sports Sciences Association (ISSA), and sells T-shirts bearing the BMF Mark in connection with these activities, as depicted below:





HALL GRIFFIN

8

14.    Belin also uses the BMF Mark to rent music and video production equipment to third parties, as is depicted below:





HALL GRIFFIN

15.    Belin has expended considerable effort promoting and establishing name recognition for his BMF Mark.  Through Belin's extensive marketing and sales of his YouTube show, "BMF 'The Series'," his amateur boxing/MMA fighter promotions, and related goods (e.g., T-shirts bearing "BMF Promotions") and services as promoted via his Facebook page and group, Belin has developed distinctiveness and secondary meaning in connection to the BMF mark regarding his entertainment, promotional, and related services.

16.    In addition, Belin has caused the BMF Mark to be registered in the United States Patent and Trademark Office (the "USPTO").  The USPTO issued a Trademark Registration for "BMF" under Registration Number 6,002,970 for "Entertainment media production services for motion pictures, television and internet."  The USPTO recorded the first use of the mark as October 24, 2017, and the first use in commerce as January 10, 2020.  A true and correct copy of the registration certificate documenting registration of the Belin's BMF Mark on March 3, 2020, is attached as **Exhibit A**.

17.    Belin provided the following use information on his Statement of Use document filed with the USPTO on January 15, 2020:

"For International Class 041:

Current identification: Entertainment media production services for motion pictures, television and Internet; Entertainment services in the nature of a non-fiction television programming series on topics relating to family stories told by family members to preserve their heritage; Entertainment services in the nature of organizing social entertainment events; Entertainment services in the nature of presenting live musical performances; Entertainment services in the nature of live musical performances and musical performances featuring prerecorded vocal and instrumental performances viewed on a big screen; Entertainment services in the nature of fiction and non-fiction television programming series on topics relating to family stories, drug empires, gangs, organizing social entertainment, multimedia content, and day to day activities of self, friends, and family; Entertainment services, namely, displaying a series of films; Entertainment services, namely, multimedia

10

entertainment services in the nature of recording, production and post-production services in the fields of music, video, and films; Providing entertainment information via a website; Providing a website featuring information in the field of music and entertainment."

A true and correct copy of Belin's "Trademark/Service Mark Statement of Use" along with the specimens showing the BMF Mark as used in commerce, all of which was submitted to the USPTO, is attached as **Exhibit B.**

18.     At no point did Belin transfer his rights to the BMF Mark to any other person or entity.

19.     **Defendants' Infringing Series: "BMF: Black Mafia Family."**  In or about April 2020, Belin became aware of Defendants Starz, Lions Gate, Jackson, and G-Unit Film's intention of producing a television series based on the story of drug-trafficking organization, Black Mafia Family (the "Series").

20.     Defendants chose to abbreviate the term Black Mafia Family and title the show "BMF," identical to Belin's BMF Mark for which he advertises his YouTube "BMF 'The Series'" program and his "BMF Promotions" business. Defendants' infringing Series uses the "BMF" acronym in a nearly identical business manner to Belin's YouTube series in particular, producing entertainment media related to a drug empire, as is depicted below and on the following page:



---

11

1
2
3
4
5
6
7
8
9
10
11

HALL GRIFFIN

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





12

21.     Upon information and belief, Defendants have marketed the BMF cable Series on Starz through various channels including the Internet, print ads, social media, YouTube, and will offer for sale related promotional goods bearing the "BMF" acronym, often without reference to what the acronym BMF stands for, in Defendants' instance, the Black Mafia Family.

22.     Defendants' use of the name "BMF" for its Series will cause confusion in the minds of the purchasing public, as they are likely to mistakenly assume that Defendants' cable Series was produced, sanctioned, authorized and/or associated with Belin and/or Belin's BMF Mark.

23.     The purchasing public may also be confused by mistakenly assuming that the Defendants' BMF cable Series was made based on Belin's YouTube series titled "BMF 'The Series'," which is based on his former real life experiences in the drug trade.

24.     Defendants' shortened title for its cable Series, "BMF," is identical, or near identical, in sight, sound, connotation, and commercial impression to Belin's BMF Mark.

25.     These are all factors which indicate consumer confusion is likely between the BMF Mark and Defendants' cable Series title, BMF.  As such, Defendants' use of the BMF Mark as its Series title is explicitly misleading.

26.     The use of the BMF Mark was without Belin's authorization and consent.  On April 6, 2020, through counsel, Belin sent a letter to Starz offering to enter into a license for the use of the BMF Mark in connection with the Series.

27.     On April 13, 2020, through counsel, Starz responded in writing to Belin's April 6, 2020 letter.  Although Starz acknowledged Belin's registration of the BMF Mark, Starz refused to respect Belin's trademark rights, refused to cease from using the BMF Mark in commerce, and refused to engage in any discussions regarding the licensing Belin's BMF trademark.

HALL GRIFFIN

28.     Although Starz initially ceased using the BMF Mark when promoting the Series on social media, in or about April 2021, Belin became aware that Starz had resumed using Belin's BMF Mark on social media as the creation of the Series progressed, willfully disregarding Belin's rights.

29.      On April 30, 2021, through counsel, Belin again sent a letter to Starz informing Defendants once again that Defendants did not have any rights to use Belin's BMF Mark in connection with the Series without Belin's permission.

30.     On September 9, 2021, the Series premiered using Belin's BMF Mark as the title of the Series on Starz's and Lions Gate's media platforms.  Belin is informed and believes and thereon alleges that Defendants Lions Gate, Starz, G-Unit Film, and Jackson, collectively and individually used Belin's BMF Mark in connection with the marketing and distribution of the Series in commerce throughout the United States, including within this district, and on the Internet.

31.     Additionally, G-Unit Brands has sold and is selling merchandise featuring the BMF Mark throughout the United States and on the Internet, including but not limited to on the website www.gunitbrands.com.

32.     On September 21, 2021, through counsel, Belin sent a cease-and-desist letter to Defendants Starz, Lions Gate, Jackson, and G-Unit Brands along with a copy of Belin's trademark registration for the BMF Mark, once again informing all Defendants that they are in clear violation of Belin's trademark rights.  The letter requested that the BMF Mark be removed from the title of the Series, and from all forms of social media and the Internet.  Although Defendants acknowledged receipt of the cease-and-desist letter, they refused to comply.

33.     Belin is informed and believes and thereon alleges that none of the Defendants used the BMF Mark in commerce prior to Belin's use in commerce or registration of the BMF Mark.

34.     As a result of being informed by Belin's counsel on multiple occasions, each Defendant had actual and constructive knowledge that Belin had made prior use

of the BMF Mark in commerce, in connection with the sale of substantially similar products and services, in the same industry, and on many of the same social media platforms through which Defendants are currently marketing their Series; however, Defendants have continued to refuse to acknowledge or respect Belin's rights.

### First Cause of Action

### Trademark Infringement in Violation of the Lanham Act –
### Against All Defendants

35.    Belin realleges and incorporates by reference the allegations against all Defendants contained in paragraphs 1 through 34 as though fully set forth herein.

36.    Belin is the owner of valid trademark rights in the BMF Mark, which is strong and entitled to a broad scope of protection.

37.    Defendants Lions Gate, Starz, and G-Unit Film have produced the Series entitled "BMF," with Defendant Jackson acting as Executive Producer, and each Defendant has promoted and used in commerce the BMF Mark, a mark identical to that owned by Belin, without Belin's consent in a manner that infringes upon Belin's rights in the BMF Mark in violation of 15 U.S.C §§ 1114 and 1125(a).

38.    Defendant Starz released the first episode of the Series on September 26, 2021 on the Starz network.  It has already become one of Starz's most successful television programs, debuting as the number one program on Starz's media app this year, and Starz has already ordered another season of the show.

39.    Additionally, Defendants Jackson and G-Unit Brands have promoted and used in commerce the BMF Mark on a variety of merchandise, using marks identical or confusingly similar to that owned by Belin, without Belin's consent, in a manner that infringes upon Belin's rights in the BMF Mark in violation of 15 U.S.C §§ 1114 and 1125(a).

40.    At all relevant times, Defendants have had actual knowledge of Belin's ownership and prior use of the BMF Mark and have intended to unfairly compete with Belin.  Further, Defendants have intended to trade upon Belin's reputation and

goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants are the true owners of Belin's BMF Mark, or to deceive the public into believing that Defendants are associated with, sponsored by, originate from, or are approved by Belin, when they are not.

41.     Defendants' activities constitute willful, intentional, and direct infringement of Belin's BMF Mark, in total disregard of Belin's proprietary rights, despite their actual knowledge that the use of the BMF Mark was and is in direct contravention of Belin's rights.  All Defendants have acted with reckless disregard of the rights of both Belin and the consuming public.

42.     Defendants Starz, Lions Gate, Jackson, and G-Unit Film used the BMF Mark for the Series based on nearly identical subject matter to Belin's use, in the exact same industry, and marketed it using the same social media platforms.  Such activities are likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Belin's businesses, or to deceive consumers as to the origin, sponsorship, or approval of the Series.

43.     Defendants, and each of them, have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of Belin's BMF Mark in an amount that is not presently known to Belin.  By reason of Defendants' actions, constituting unauthorized use of the BMF Mark, Belin has been damaged and is entitled to monetary relief in an amount to be determined at trial.

44.     Due to Defendants' actions, constituting unauthorized use of the BMF Mark, Belin has suffered and continues to suffer great and irreparable injury, for which Belin has no adequate remedy at law.

/ / /

/ / /

/ / /

/ / /

/ / /

16

**<u>Second Cause of Action</u>**

**Unfair Competition and False**

**Designation of Origin in Violation of the Lanham Act –**

**Against All Defendants**

45.     Belin realleges and incorporates by reference the allegations against all Defendants contained in paragraphs 1 through 44 as though fully set forth herein.

46.     Defendants' acts described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as each Defendant has used Belin's BMF Mark in commerce, in connection with the Series and/or merchandise.

47.     As set forth above, by producing, marketing, and distributing the Series on Starz's and Lions Gate's media platforms and other media, Defendants Lions Gate, Starz, G-Unit Film, and Jackson have engaged in acts of direct infringement by using the BMF Mark without Belin's consent.

48.     As set forth above, by manufacturing, marketing, and selling merchandise showcasing the BMF Mark, Defendants Jackson and G-Unit Brands have engaged in acts of direct infringement by using the BMF Mark without Belin's consent.

49.     Belin started to use the BMF Mark in connection with production his YouTube series "BMF 'The Series'" and his "BMF Promotions" business well prior to the production of the Series by Starz, G-Unit Film, Lions Gate, and Jackson; the distribution of the Series by Starz; and/or the sales of merchandise by G-Unit Brands. Belin has a federal registration for the BMF Mark with the USPTO.

50.     Defendants' direct use of the BMF Mark without Belin's consent constitutes a false designation of origin, false or misleading description of fact, and/or false and misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Belin, or as to the origin, sponsorship, or approval of Defendants' goods, services, or

commercial activities by Belin, or as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

51.     Additionally, the use by all Defendants of the BMF Mark in commercial advertising and promotion misrepresents the nature, characteristics, and qualities of Belin's goods, services, and commercial activities, all in violation of 15 U.S.C § 1125(a).

52.     Such conduct in using the BMF Mark in a confusingly similar title for its cable Series and related promotional materials by all Defendants is likely to confuse, mislead, and deceive members of the public as to the origin of the Series and/or merchandise, and to erroneously lead the public to believe that said Series and merchandise have been sponsored, approved, authorized, or licensed by Belin, or are in some way affiliated or connected to Belin, when they are not, all in violation of 15 U.S.C § 1125(a).

53.     Each of the Defendants' actions was undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

54.     As a result of each of the Defendants' wrongful acts, Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements or descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Belin.

55.     As a direct and proximate result of each of the Defendants' wrongful acts, Belin has been and will be deprived of the value of the BMF Mark as an asset.

56.     As a direct and proximate result of each of the Defendants' wrongful conduct, Belin has suffered damages and is suffering ongoing damages, as well as irreparable harm, that will continue unless the Court enjoins Defendants' acts.

**Third Cause of Action**

**Contributory Trademark Infringement –**

**Against All Defendants**

57.     Belin realleges and incorporates by reference the allegations against Defendants Starz and Lions Gate contained in paragraphs 1 through 56 as though fully set forth herein.

58.     The actions of each Defendant described above, and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the BMF Mark in a confusingly similar title for Defendants' cable Series,  and confusingly similar variations thereof, in commerce to produce, market, and advertise the Series throughout the United States and California; to distribute the show on Starz's media platform; and to sell merchandise featuring the BMF Mark constitute contributory trademark infringement in violation of federal law and the common law of the State of California.

59.     The actions of Defendants, if not enjoined, will continue.  Belin has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value and goodwill associated with the BMF Mark, and injury to Belin's and his partner, Mothershed's businesses.

60.     On information and belief, the actions of each Defendant described above was deliberate and willful.

**Fourth Cause of Action**

**Vicarious Trademark Infringement –**

**Against Defendants Starz, Lions Gate and Jackson**

61.     Belin realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 against Starz, Lions Gate, and Jackson as though fully set forth herein.

62.     The actions of Defendants Starz, Lions Gate, and Jackson described above, and specifically, without limitation, their knowledge, participation, and

HALL GRIFFIN

inducement of Starz's and its parent company, Lions Gate's unauthorized use of the BMF Mark, and confusingly similar variations thereof, in commerce to advertise, market, and distribute the Series and merchandise throughout the United States and the Internet, constitute vicarious trademark infringement in violation of federal law and the common law of the State of California.

63.    The actions of Jackson and specifically, without limitation, his knowledge, participation, and inducement of G-Unit Brands to advertise, market, distribute and sell merchandise using the BMF Mark without Belin's permission, and confusingly similar variations thereof, in commerce throughout the United States and the Internet, constitute vicarious trademark infringement in violation of federal law and the common law of the State of California.

64.    At all relevant times, Lions Gate was in control of Starz and derives direct financial benefit from the illegal acts of the other Defendants.

65.    At all relevant times, Starz was in control of Jackson and G-Unit Film, and derives direct financial benefit from their illegal acts.

66.    At all relevant times, Jackson was in control of G-Unit Brands and derives direct financial benefit from their illegal acts.

67.    The actions by Defendants, if not enjoined, will continue.  Belin has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the BMF Mark, and injury to Belin's and his partner, Mothershed's businesses.

68.    On information and belief, the actions of Defendants described above were deliberate and willful.

**Fifth Cause of Action**

**Trademark Counterfeiting and False Advertising –**

**Against All Defendants**

69.    Belin realleges and incorporates by reference the allegations contained in paragraphs 1 through 68 against Defendants as though fully set forth herein.

HALL GRIFFIN

70.     This is a claim for trademark counterfeiting and false advertising arising under 15 U.S.C. § 1114(a) and (b).

71.     As set forth above, Defendants, and each of them, have engaged in acts of direct infringement by using Belin's BMF Mark without Belin's consent.

72.     As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

73.     Defendants, and each of them, have adopted and used in commerce a BMF Mark, which is identical or substantially indistinguishable from Belin's BMF Mark, without Belin's consent in a manner that infringes upon Belin's rights in the BMF Mark.

74.     Without Belin's consent, Defendants Starz, Lions Gate, Jackson, and G-Unit Film have used in commerce a BMF Mark which is substantially indistinguishable from Belin's BMF Mark in connection with the promotion, marketing, advertising, and sale of the Series in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

75.     Without Belin's consent, Defendants Jackson and G-Unit Brands have used in commerce numerous BMF Marks which are substantially indistinguishable from Belin's BMF Mark in connection with the promotion, marketing, advertising, and sale of merchandise in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

76.     Belin is informed that each of Defendants' acts alleged herein was done with actual knowledge of Belin's ownership and prior use of the BMF Mark, and with the intent to unfairly compete with Belin, to trade upon Belin's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' services are associated with, sponsored by, originate from, or are approved by Belin, when they are not.

77.     Belin is informed and believes, and thereon alleges, that Defendants, and each of them, acted willfully and intentionally to infringe the BMF Mark directly, in

21

total disregard of Belin's proprietary rights, and were done despite Defendants' knowledge that the use of the BMF Mark was and is in direct contravention of Belin's rights.

78.     Belin is informed and believes and thereon alleges that Defendants, and each of them, have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the BMF Mark in an amount that is not presently known to Belin.  By reason of Defendants' actions, constituting unauthorized use of the BMF Mark, Belin has been damaged and is entitled to monetary relief in an amount to be determined at trial.

79.     Due to the Defendants' actions constituting unauthorized use of the BMF Mark, Belin has suffered and continues to suffer great and irreparable injury for which Belin has no adequate remedy at law.

## **PRAYER**

WHEREFORE, Belin respectfully prays for judgment against Defendants as follows:

(1)     That the Court preliminarily enjoin Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them, from:  using the BMF Mark, or any other designation similar to or likely to cause confusion with Belin's BMF Mark in conjunction with the marketing or distribution of the Series; registering in his, its, or their own name the mark or designation "BMF," or any other designation similar to or likely to cause confusion with Belin's BMF Mark, as a trademark for entertainment-related services or goods, or any other goods, likely to cause confusion with Belin's brand; and committing any other unfair business practices directed toward obtaining for himself, itself, or themselves the business and customers of Belin; and

(2)     That following trial of this action, the Court enter final judgment that includes the following:

(a)     The issuance of a permanent injunction enjoining Defendants,

HALL GRIFFIN

their officers, agents, servants, employees, attorneys, and all others in active concert with Defendants from:  using the mark "BMF," or any other designation similar to or likely to cause confusion with Belin's BMF Mark, in conjunction with the marketing or sale of entertainment related products and services; registering in his, its, or their own name the mark or designation "BMF," or any other designation similar to or likely to cause confusion with Belin's BMF Mark, as a trademark for entertainment-related products or services, or any other goods likely to cause confusion with Belin's products; and committing any other unfair business practices directed toward obtaining for themselves the business and customers of Belin;

(b)    The requirement that, pursuant to 15 U.S.C. § 1118, Defendants deliver up and destroy all product packaging, labels, signage, literature, advertising materials and any other items incorporating or bearing a representation of the mark "BMF," or any other designation similar to or likely to cause confusion with Belin's trade mark "BMF," as well as all plates, matrices, and other means of making the same;

(c)    The requirement that Defendants file with the Court and serve upon Belin's counsel within thirty (30) days after entry of Judgment a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and the requirement to deliver up and destroy all product packaging, labels, signage, literature, advertising materials and any other items incorporating or bearing a representation of the mark "BMF", or any other designation similar to or likely to cause confusion with Belin's trademark "BMF";

(d)    That Defendants be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint;

(e)    That Defendants' acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that

23

1   Belin be entitled to enhanced damages.

2           (f)     That Belin be awarded damages for Defendants' trademark

3   infringement pursuant to 15 U.S.C. § 1117 in the form of either: Defendants' profits,

4   or damages sustained by Belin, and the costs of the action;

5           (g)     That the amount of the profits or damages be increased three

6   times, pursuant to 15 U.S.C. § 1117(b), to properly compensate Belin for

7   Defendants' actions;

8           (h)     That Belin be awarded his reasonable costs, expenses, and

9   attorneys' fees pursuant to at least 15 U.S.C. § 1117;

10          (i)     That Belin be awarded damages for Defendants' common law

11  trademark infringement and for unfair competition;

12          (j)     That Defendants' acts of unfair competition complained of in this

13  Complaint be deemed willful; that this be deemed an exceptional case; and that

14  Belin be entitled to enhanced damages;

15          (k)     That Belin be awarded exemplary damages from Defendants

16  pursuant to Cal. Civ. Code. § 3294;

17          (l)     An award of pre-judgment and post-judgment interest and costs

18  of this action against Defendants; and

19          (m)     Such other and further relief as this Court may deem just.

20

21  DATED:  July 18, 2022                    HALL GRIFFIN LLP

22

23

24                                          By:  _____/S/ George L. Hampton IV_____

25                                               George L. Hampton IV
                                                 Stephanie A. Pittaluga
26                                               Attorneys for Plaintiff Byron Belin

27

28

1

## **DEMAND FOR JURY TRIAL**

Plaintiff Byron Belin hereby demands a jury trial of all claims alleged in his Complaint, as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  July 18, 2022                    HALL GRIFFIN LLP


By:   _____*/S/ George L. Hampton IV*_____
George L. Hampton IV
Stephanie A. Pittaluga
Attorneys for Plaintiff Byron Belin

HALL GRIFFIN