KILPATRICK TOWNSEND & STOCKTON LLP
DENNIS L. WILSON (State Bar No. 155407)
dwilson@kilpatricktownsend.com
OLIVIA POPPENS (State Bar No. 328359)
opoppens@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310 777 3740
Facsimile: 310 380 6097

KEVIN M. BELL (*pro hac vice pending*)
kbell@kilpatricktownsend.com
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: 303 571 4000
Facsimile: 303 571 4321

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BYRON BELIN,<br><br>       Plaintiff,<br><br>v.<br><br>STARZ ENTERTAINMENT, LLC, a Colorado limited liability company; LIONS GATE ENTERTAINMENT INC., a Delaware corporation; CURTIS J. JACKSON III aka 50 CENT, an individual-, G-UNIT BRANDS, INC., a New York corporation; and G-UNIT FILM & TELEVISION, INC., a New York corporation,<br><br>       Defendant. | Case No. 2:21-cv-9586-FWS<br><br>*((Assigned to Hon. Fred W. Slaughter, Courtroom 10D, 10th Floor)*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FED. R. CIV. P. 12(b)(6)]**<br><br>[Filed concurrently with Proposed Order]<br><br>Date: September 8, 2022<br>Time: 10:00 AM<br>Location: Courtroom 10D, 10th Floor, 411 West Fourth Street, Santa Ana, CA 92701<br><br>**Complaint Filed: July 18, 2022**<br>**Trial Date: None Set** |

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

## TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on September 8, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fred W. Slaughter, via zoom, in Courtroom 10D, 10th Floor, 411 West Fourth Street, Santa Ana, CA 92701, Defendants Starz Entertainment, LLC ("Starz"), Lions Gate Entertainment, Inc. ("Lions Gate"), Curtis J. Jackson III aka 50 Cent ("Mr. Jackson"), G-Unit Brands, Inc. ("G-Unit"), and G-Unit Film & Television, Inc. ("G-Unit Film") (collectively, "Defendants") will and hereby do move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff Byron Belin's Amended Complaint (Dkt. 51) ("Am. Complaint") in its entirety and with prejudice.

This Motion is made on the grounds that the Am. Complaint fails to and cannot state a claim for relief under Rule 12(b)(6). Specifically, and as this Court has already found (Dkt. 50), Defendants' challenged use of "BMF" is protected by the First Amendment under the test first set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) as Defendants' use relates to Defendants' underlying expressive work, namely the series *BMF: Black Mafia Family* that was produced by Defendants and recently aired, and continues to air, on Starz's cable and online streaming channels, and which dramatizes the real-life organization called the "Black Mafia Family." The Am. Complaint has once again failed to plausibly allege facts sufficient to show Defendants use of "BMF" in promotion of the Series is explicitly misleading with respect to the source of the content. Therefore, each of Plaintiff's claims are barred by the First Amendment.

This Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, filed concurrently herewith, the Court's Order Granting Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 50) (the "Order"), all pleadings and other records on file in this action, any other matters that may be

1    judicially noticed, and such further evidence and arguments as may be presented at

2    or before the hearing on this Motion.

3         This Motion is made following the conference of counsel pursuant to L.R. 7-

4    3, which took place on July 25, 2022.

5

6    DATED: August 1, 2022          Respectfully submitted,

7                                   KILPATRICK TOWNSEND & STOCKTON
                                    LLP

8

9                                  By:    */s/ Dennis L. Wilson*

10                                        DENNIS L. WILSON
                                          KEVIN M. BELL
11                                        OLIVIA POPPENS

12                                 Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

## TABLE OF CONTENTS

2

**I.** INTRODUCTION ................................................................................... 1

3

**II.** FACTUAL BACKGROUND ................................................................ 3

4

    A. Defendants Production of the *BMF: Black Mafia Family* .................. 3

5

    B. Plaintiff and the Alleged BMF Mark ................................................... 5

6

    C. Plaintiff's Claims .................................................................................. 7

7

**III.** LEGAL STANDARD ......................................................................... 7

8

**IV.** THE FIRST AMENDMENT BARS PLAINTIFF'S CLAIMS .................... 8

9

    A. Defendants' Use of "BMF" Are "Expressive Works." ....................... 9

10

    B. Defendants' Use of "BMF" Indisputably Has Artistic
Relevance ............................................................................................ 9

11

12

    C. Defendants' Use of "BMF" Does Not Explicitly Mislead ............... 10

13

        1. Defendants Have Made No Explicit Indication, Overt
Claim, or Affirmative Statement that Plaintiff Endorses
or Was Involved in Defendants' *BMF* Series........................... 11

14

15

        2. Plaintiff Provides, at Best, Evidence of Coincidental Use
of "BMF" .................................................................................. 12

16

        3. Defendants Have Added Their Own Expressive Content
to the Work Beyond the "BMF" Mark Alone .......................... 13

17

**V.** CONCLUSION ................................................................................ 14

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .................................................................. 8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................. 8, 11

*Betty's Found. for Elimination of Alzheimer's Disease v. Trinity Christian Ctr.*
  *of Santa Ana, Inc.,*
  2021 WL 3046889 (C.D. Cal. Apr. 7, 2021),
  aff'd, 2022 WL 807391 (9th Cir. Mar. 16, 2022) ............................... 14

*Caiz v. Roberts,*
  382 F. Supp. 3d 942 (C.D. Cal. 2019),
  appeal dismissed, No. 19-55611, 2019 WL 6331647 (9th Cir. Aug. 30,
  2019) .................................................................................. 9

*Davis v. Amazon.com, Inc.,*
  2022 WL 2062373 (C.D. Cal. Jan. 3, 2022) ....................................... 2

*Deus ex Machina Motorcycles Pty. Ltd. v. Metro-Goldwyn-Mayer Inc.,*
  2020 WL 6875178 (C.D. Cal. Oct. 23, 2020) ................................. 10, 14

*Dr. Seuss Enterprises, L.P. v. ComicMix LLC,*
  983 F.3d 443 (9th Cir. 2020) .............................................. passim

*Gordon v. Drape Creative, Inc.,*
  909 F.3d 257 (9th Cir. 2018) .............................................. passim

*Mattel, Inc. v. MCA Records, Inc.,*
  296 F.3d 894 (9th Cir. 2002) .................................................... 1

*Reflex Media, Inc. v. Pilgrim Studios, Inc.,*
  No. CV 18-2260-GW (FFMX), 2018 WL 6566561 (C.D. Cal. Aug. 27,
  2018) .................................................................................. 9

*Rogers v. Grimaldi,*
  875 F.2d 994 (2d Cir. 1989) .............................................. passim

*Twentieth Century Fox Television v. Empire Dist., Inc.,*
  875 F.3d 1192 (9th Cir. 2017) ............................................... 9, 12

*VIP Productions LLC v. Jack Daniel's Properties, Inc.,*
  953 F.3d 1170 (9th Cir. 2020) .................................................... 8

**Statutes**

15 U.S.C. § 1114 ........................................................................ 7

15 U.S.C. § 1119 ........................................................................ 7



**Rules & Regulations**

Fed. R. Civ. P. 12(b)(6) .......................................................................... 1, 8

**Other Authorities**

http://bmfpromotions.com/our-advantage/ ................................................. 6

https://beonair.com/how-to-start-a-film-production-company-part-1 ....................... 6

https://deadline.com/2019/07/50-cent-starz-black-mafia-family-1202655149/ ........ 6

https://www.bmfpromotions.com ............................................................... 6

https://www.detroitnews.com/story/news/local/detroit-city/2021/06/15/black-
    mafia-family-leader-big-meech-gets-break-detroit-drug-case/7698332002/........ 3

https://www.youtube.com/channel/UCKTe3mUJLKxkx-G0anFqaZw/videos ......... 6

J. Thomas McCarthy,
    McCarthy On Trademarks & Unfair Competition § 31:144.50 (5th ed.) .. 13



1
2          **MEMORANDUM OF POINTS AND AUTHORITIES**
3    **I.      INTRODUCTION**
4          Plaintiff's claims must be—once again—dismissed in their entirety.
5          This Court already found Defendants' use of *BMF* as the shortened-title of
6    their show, dramatizing the infamous real-life Black Mafia Family ("the Series"), is
7    protected by the First Amendment under the test originally articulated in *Rogers v.*
8    *Grimaldi*, 875 F.2d 994 (2d Cir. 1989), and later adopted by the Ninth Circuit in
9    *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002). *See* Order at 19.
10   Specifically, the Court found the Series and Defendants' promotion and marketing
11   of it, including consumer merchandise, are protected "expressive works" under the
12   *Rogers* test. *Id.* at 11. As there was no dispute Defendants' use of "BMF" as the
13   shortened-name for *Black Mafia Family* had artistic relevance to the underlying
14   work (*id.* at 12), the Court held Plaintiff must show Defendants' use would
15   "explicitly mislead as to the source of the content" of the Series. *Id.* at 12 (*citing*
16   *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018)). Plaintiff's
17   original complaint failed to make any such showing (*id.* at 19) and thus the Court
18   dismissed all claims, while granting leave to file "an amended complaint that
19   addresses the issues in this ruling." *Id.* Despite the Court's clear instruction,
20   Plaintiff's resulting amended complaint failed to include any plausible allegation
21   that Defendants' use is "explicitly misleading," and thus Plaintiff has failed to meet
22   its burden under the *Rogers* test.
23         Under the *Rogers* test, Defendants undisputedly use "BMF" as part of an
24   "expressive work," and Plaintiff further states that Defendants use "BMF" as the
25   shortened-name for the television series, and that the Series is "based on the story of
26   [the] drug-trafficking organization, Black Mafia Family." Am. Compl. ¶ 19. In so
27   doing, Plaintiff implicitly concedes the Series incudes artistic expression above and
28

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 2:21-CV-9586 FWS                                                                    - 1 -

1    beyond "an unadorned use of" BMF alone.  *See* Order at 12 (citation omitted).

2    Therefore, the sole question before the Court is whether Plaintiff pled facts to

3    plausibly show "Defendants' use of the BMF Mark . . . 'explicitly mislead[s]

4    consumers as to the source or the content' of the Series for Plaintiff's claims to

5    remain viable at this stage."  Order at 12 (quoting *Gordon*, 909 F.3d at 264).

6        The answer to this question is, "no."  The Am. Complaint lacks any

7    allegation, plausible or otherwise, that Defendants' marketing, promotion, or

8    merchandising includes any statement or hint that would explicitly mislead

9    consumers as to the source or content of the Series.  **At most**, the Am. Complaint

10    shows a coincidence of use of "BMF" by Plaintiff and Defendants, which is not

11    enough to survive this Motion.  The Am. Complaint needed to include allegations

12    showing "'explicit indication, overt claim, or explicit misstatement' linking Plaintiff

13    to [Defendants'] Series," which it utterly fails to do.  Order at 13 (quoting *Davis v.*

14    *Amazon.com, Inc.*, 2022 WL 2062373, at *5 (C.D. Cal. Jan. 3, 2022)).  Instead,

15    Plaintiff includes details of its own use that are irrelevant to the deficiencies

16    identified by the Court and of questionable veracity.  Moreover, regardless of

17    whether Defendants' use of "BMF" as the shortened-title for the Series is similar to

18    the purported title of Plaintiff's little-viewed YouTube short, there remains no

19    dispute that Defendants' Series dramatizes a distinct, real-life story and, in so doing,

20    Defendants added expressive content far beyond a use of "BMF" alone.

21        The failure to plead **any** plausible allegation that Defendants "explicitly

22    misled" consumers as to source and content indicates that Plaintiff's continued

23    pursuit of its claims is meant to chill the free expression of Defendants.  Defendants

24    therefore respectfully request the Court dismiss with prejudice Plaintiff's claims and

25    causes of action set forth in the Am. Complaint.

26

27

28



DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 2:21-CV-9586 FWS                                                - 2 -

TOWNSEND 76284587 2

## II.  FACTUAL BACKGROUND[1]

### A.  Defendants Production of the *BMF: Black Mafia Family*

Lions Gate is the parent company of Starz.[2]  Am. Compl. ¶ 5.  Starz and Lions Gate partnered with G-Unit Brands, G-Unit Film, and Mr. Jackson to produce *BMF: Black Mafia Family*, which began airing on Starz (and was subsequently replayed on the Starz-family of channels and in streaming options) on September 9, 2021.  Am. Compl. ¶¶19-20; 30.  Plaintiff admits the Series is "based on the story of [the] drug trafficking organization, Black Mafia Family."  Am. Compl. ¶ 19.  As noted in Defendants' original motion to dismiss (Dkt. 30), the real-life Black Mafia Family received extensive press coverage during and after their years of operation and subsequent incarceration (*see* https://www.detroitnews.com/story/news/local/detroit-city/2021/06/15/black-mafia-family-leader-big-meech-gets-break-detroit-drug-case/7698332002/), and Defendants promoted the television series as "inspired by true legends," using the show-title, *BMF: Black Mafia Family*, or the shortened *BMF*, with explicit reference to the airing of the Series on Starz.  *See* Dkt. 30-1, Ex. A (incorporated by reference into the original Complaint by the Court (Order at 7-8)).  The Am. Complaint further includes three images of Defendants' promotion of the Series, each of which show that Defendants—here, Starz, G-Unit, and/or Mr. Jackson (a/k/a 50 Cent)—are responsible for production of the Series (*see* images below from Am. Compl. ¶ 20, annotated with red circles):

---

[1] Defendants further incorporate by reference the "Factual Background" set forth in their prior Motion to Dismiss Plaintiff's Original Complaint (Dkt. 30) and the Court's "Background" in the Order at 2-5.

[2] The Am. Compl. incorrectly identifies Defendant Lions Gate Entertainment as "a Colorado corporation" (¶ 4) and Defendant Starz Entertainment as "a Delaware limited liability company" (¶ 5).



1

2

3

4

5

6

7

8

9



10

11

12

13

14

15

16

17

18

19

20

21



22

23          The Am. Complaint fails to include any allegation that Defendants have

24   referred to Plaintiff or Plaintiff's business by name in the Series or promotion of the

25   Series.  At most, the Am. Complaint alleges "consumer confusion is likely between

26   the BMF Mark and Defendants' cable Series title, BMF . . . [a]s such, Defendants'

27   use of the BMF Mark as its Series title is explicitly misleading."  Am. Compl. ¶ 25.

28



DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 2:21-CV-9586 FWS                                                          - 4 -

And other than marketing of the television series, including distribution of promotional merchandise bearing the title of the Series, Plaintiff's Am. Complaint fails to identify any alleged use by Defendants of "BMF" in connection with any of the multitude of disparate services identified by Plaintiff in the relevant trademark registration, such as "entertainment services in the nature of organizing social entertainment events;" "entertainment services in the nature of presenting live musical performances;" or "entertainment services in the nature of live musical performances and musical performances featuring prerecorded vocal and instrumental performances viewed on a big screen media production."  Am. Compl. Ex. A.

### B. Plaintiff and the Alleged BMF Mark

The Am. Complaint alleges Plaintiff has used "BMF" as an initialism of "Building Money First" as a part of names of alleged enterprises, such as "BMF Promotions," and "BMF Round House."  Am. Compl. ¶¶ 9-10, 12-15.  However, the veracity of these allegations is questionable from within the four corners of the Am. Complaint.  For one example, the image of Plaintiff's alleged use of BMF for "rental and music and video production equipment to third parties," as described in Paragraph 14 of the Am. Complaint, appears to be a manipulation of a stock photo image, rather than an image of Plaintiff's actual use of the mark (*see* annotation in yellow circle, below left):





1   *Compare* Am. Compl. ¶ 14, (left), to image from a non-party website:

2   https://beonair.com/how-to-start-a-film-production-company-part-1, (right).

3          As further example, a purported logo for "BMF Promotions," also depicted in

4   Paragraph 14, bears striking similarity to a logo available on an otherwise-uncited

5   website (www.bmfpromotions.com), with a business address in Glenview, Illinois,

6   and identified use of "BMF Promotions" dating back to 2007.

7   (http://bmfpromotions.com/our-advantage/).  In contrast, Plaintiff alleges he is a

8   resident of Texas, and alleges first use of the mark in 2017.  Am. Compl. at p. 1, ¶¶

9   3, 10.

10
11
12    
13
14
15

16   *Compare* Am. Compl. ¶ 14, (left), to image from www.bmfpromotions.com, (right).

17          Plaintiff includes screenshots of a purported YouTube channel named "BMF

18   the Series." Am. Compl. ¶ 11.  Plaintiff, however, declined to include a URL to the

19   YouTube page in the Am. Complaint.  Defendants believe the purported YouTube

20   channel is found at https://www.youtube.com/channel/UCKTe3mUJLKxkx-

21   G0anFqaZw/videos, and the entirety of the channel consists of two videos, one of

22   which purports to be "part 1" of a series—but no other "parts" are available—and

23   the other is a purported "trailer" that consists of still images.  The earliest of the two

24   videos is dated December 2019, after Defendants' July 2019 announcement of a

25   series depicting the "Black Mafia Family."  *See* https://deadline.com/2019/07/50-

26   cent-starz-black-mafia-family-1202655149/.  The screenshots in the Am. Complaint

27   are the only cited evidence of the purported "series" that forms the crux of

28



DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 2:21-CV-9586 FWS                                                     - 6 -

Plaintiff's claims of trademark infringement.  Plaintiff further claims to have engaged in "extensive marketing and sales of his YouTube show, 'BMF 'The Series''," but there is no identified evidence of such "extensive" activities.  Am. Compl. ¶¶ 15.  Plaintiff further alleges—again, without factual support—extensive marketing and sales to allegedly develop "distinctiveness and secondary meaning in connection to the mark regarding entertainment media production, services, and distribution."  Am. Compl. ¶ 15.

Plaintiff claims ownership of U.S. Trademark Registration No. 6,002,970 for a litany of disparate services.  *See* Am. Compl. Ex. A.  Defendants need not identify all defenses or counterclaims at this time; Defendants, however, do dispute the validity of Plaintiff's registration in light of statements made by Plaintiff to the U.S. Patent and Trademark Office during the prosecution of the application.  Should this case proceed, Defendants will counterclaim to strike the registration pursuant to 15 U.S.C. § 1119 ("In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action").

### C.   <u>Plaintiff's Claims</u>

Plaintiff asserts claims against Defendants for (1) trademark infringement in violation of the Lanham Act, (2) unfair competition and false designation of origin in violation of the Lanham Act, (3) "contributory" trademark infringement, (4) trademark counterfeiting and false advertising under 15 U.S.C. § 1114, and a separate claim for "vicarious" trademark infringement against Defendants Starz, Lions Gate, and Mr. Jackson only.  Am. Compl. ¶¶ 35-79.  Every claim arises out Defendants' use of "BMF" as the name, and in promotion, of the Series.

## III.   <u>LEGAL STANDARD</u>

To state a valid claim for relief, plaintiff must offer "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The court is not required to accept as true a "legal conclusion couched as a factual allegation." *Id. quoting Twombly*, 550 U.S. at 555.  Nor need it accept as true unreasonable inferences or conclusory legal allegations.  *Twombly*, 550 U.S. at 555.

## IV.   <u>THE FIRST AMENDMENT BARS PLAINTIFF'S CLAIMS</u>

Defendants respectfully request the Court find Defendants' use of "BMF" as the shortened-title of the television series *BMF: Black Mafia Family*, and the use in the promotion of the Series, is protected by the First Amendment.  Under the *Rogers* test, courts "apply the [Lanham] Act to an expressive work only if the defendant's use of the mark (1) is not artistically relevant to the work or (2) explicitly misleads consumers as to the source or the content of the work."  *Gordon*, 909 F.3d at 264 (citing *MCA Records*, 296 F.3d at 902).  "'Neither of these prongs is easy to meet.'"  *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020) (quoting *VIP Productions LLC v. Jack Daniel's Properties, Inc.*, 953 F.3d 1170, 1174 (9th Cir. 2020)).  The *Rogers* test also applies to claims for common law trademark infringement, unfair competition, and violations of California unfair competition law.  *See, e.g. MCA*, 296 F.3d at 901 & n. 2 (holding that defendants' successful assertion of a First Amendment defense entitled them to summary judgment on plaintiff's Lanham Act claim and on state law claims for unfair competition); *E.S.S*, 547 F.3d at 1101 ("Since the First Amendment defense applies equally to [defendant's] state law claims as to its Lanham Act claim, the district court properly dismissed the entire case . . ."); *Reflex Media, Inc. v. Pilgrim Studios, Inc.*, No. CV 18-2260-GW (FFMX), 2018 WL 6566561, at *6 (C.D. Cal. Aug. 27,

2018); *Caiz v. Roberts*, 382 F. Supp. 3d 942, 953 (C.D. Cal. 2019), appeal dismissed, No. 19-55611, 2019 WL 6331647 (9th Cir. Aug. 30, 2019).

### A.    <u>Defendants' Use of "BMF" Are "Expressive Works."</u>

The Court previously held that the "parties do not dispute the Series is an expressive work," and further found "the Series and the promotional and marketing materials related to it, including consumer merchandise, are 'expressive works' under the *Rogers* test."  Order at 11.  Plaintiff does not offer anything in the Am. Complaint that should disturb those findings.  For example, Plaintiff again acknowledges that Defendants produce and broadcast the Series (Am. Compl. ¶¶ 19, 30), and addresses Defendants' merchandise in a single factual allegation that merely states Defendant G-Unit has sold "merchandise featuring ['BMF'] throughout the United States . . ."  Am. Compl. ¶ 31.

Therefore, the Court should again find that Defendants' *BMF* series and associated promotional materials and merchandising are indisputably expressive works.  *See Twentieth Century Fox Television v. Empire Dist., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017); *Rogers*, 875 F.2d at 998.

### B.    <u>Defendants' Use of "BMF" Indisputably Has Artistic Relevance</u>

Whether the use of the mark has artistic relevance to the expressive work is a "low threshold," as the "level of relevance merely must be above zero."  *E.S.S.*, 547 F.3d at 1100; *see also Twentieth Century Fox Television*, 875 F.3d at 1199 ("Reference to another work may be a component of artistic relevance, but it is not a prerequisite").  Plaintiff concedes that Defendants' Series is "based on the story of a drug-trafficking organization, Black Mafia Family."  Am. Compl. ¶ 19.  And as the Court already found and the Am. Complaint has not contradicted, "nothing 'in [P]laintiff's allegations []suggest that the mark, itself, is the centerpiece of the [Series] or that, like the unadorned use of the 'Honey Badger' marks in Gordon, [D]efendants used the mark without adding any artistic expression of their own."

Order at 12 (quoting *Deus ex Machina Motorcycles Pty. Ltd. v. Metro-Goldwyn-Mayer Inc.*, 2020 WL 6875178, at * 7 (C.D. Cal. Oct. 23, 2020) (*citing Gordon*, 909 F.3d at 270-71)).

Therefore, the relevance of "BMF" to the Series is "above zero" and thus satisfies the *Rogers* test's artistic relevance prong.  *Netflix*, 506 F.Supp.3d at 1015. Nothing in Plaintiff's Am. Complaint has contradicted this point, nor could it. Defendants therefore respectfully request the Court again reach the same finding.

### C.   Defendants' Use of "BMF" Does Not Explicitly Mislead

The Court previously found that "the Complaint insufficiently alleges an 'explicit indication, overt claim, or explicit misstatement' linking Plaintiff to the Series." Order at 13.  The Am. Complaint does no better and the Court should again find that Plaintiff failed to meet his burden.

The standard for satisfying the "explicitly misleading" requirement is "a high bar that requires the use to be an 'explicit indication,' 'overt claim,' or 'explicit misstatement' about the source of the work." *ComicMix*, 983 F.3d at 462 (quoting *Brown*, 724 F.3d at 1245).  Mere use "of a trademark alone cannot suffice to make such use explicitly misleading." *Id.*; *see also MCA*, 296 F.3d at 902 (explaining that if use of the alleged mark alone were sufficient to explicitly mislead, "it would render *Rogers* a nullity").  Because use of a mark alone is usually not determinative, two other considerations weigh in evaluating whether the mark is explicitly misleading: (1) "the degree to which the junior user uses the mark in the same way as the senior user" and (2) "the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself." *ComicMix*, 983 F.3d at 463 (quoting *Gordon*, 909 F.3d at 270-271).

As a matter of law, Defendants did not and do not explicitly mislead about the source of the *BMF* series.

1.       Defendants Have Made No Explicit Indication, Overt Claim, or Affirmative Statement that Plaintiff Endorses or Was Involved in Defendants' *BMF* Series.

Plaintiff does not allege that Defendants have made an "explicit indication," "overt claim," or "affirmative statement" about Plaintiff's affiliation with or sponsorship and endorsement of its *BMF* series, or the promotion of the Series in merchandising.  This failure was a significant factor in the Order dismissing the original Complaint, yet the Am. Complaint does not address this issue in any meaningful way.  Order at 13 ("the Complaint insufficiently alleges an 'explicit indication, overt claim, or explicit misstatement' linking Plaintiff to the Series"). Plaintiff mentions "explicitly misleading" just one time in the Am. Complaint:

> These are all factors which indicate consumer confusion is likely between the BMF Mark and Defendants' cable Series title, BMF. As such, Defendants' use of the BMF Mark as its Series title is explicitly misleading.

Am. Compl. ¶ 25.  This paragraph, even in view of any of the preceding paragraphs of the Am. Complaint, merely alleges a purported basis for "likelihood" of consumer confusion.  Plaintiff then asserts, in conclusory fashion and without a factual basis, that Defendants' use is "explicitly misleading."  Such conclusory pleading does not even satisfy *Twombley,* let alone the "high bar" under the *Rogers* test.  *ComicMix*, 983 F.3d at 462.  Moreover, Plaintiff's allegation is not legally correct.  The *Rogers* test is a threshold matter—Plaintiff must **first** show that the use is "explicitly misleading;" then and only then does the question of "likelihood of consumer confusion" come into play.  *See* Order at 10 ("The burden then shifts to the plaintiff to show '(1) that it has a valid, protectable trademark, and (2) that the mark is either not artistically relevant to the underlying work or explicitly misleading as to the source or content of the work' . . . 'If the plaintiff satisfies both elements,' the plaintiff 'must still prove that [their] trademark has been infringed by showing that the defendant's use of the mark is likely to cause confusion'" (quoting

1    *Gordon*, 909 F3d at 264-65)).

2        Here, Plaintiff admits that Defendants' *BMF* series was (a) produced by

3    Defendants, (b) aired by Starz and Lions Gate on the Starz-family of channels and

4    streaming platforms, and (c) marketed by Defendants through a variety of media

5    sources. Am. Compl. ¶¶ 19, 21, 30.  And as seen in the promotional materials cited

6    in the Am. Complaint (and shown above), Defendants explicitly identified G-Unit

7    and Mr. Jackson's involvement in the production of the Series and further identified

8    that Starz airs the Series.  Am. Compl. ¶ 20.  The public's clear knowledge of

9    Defendants' production, airing, and marketing of the Series would not result in any

10   plausible public belief that Plaintiff was "somehow behind the [Series]or that it

11   sponsors [the Series]."  *E.S.S.*, 547 F.3d at 1100; *ComicMix*, 983 F.3d at 463

12   (finding that defendant's use of the mark at issue was not explicitly misleading in

13   part because the cover of the work "conspicuously list[ed]" defendants, not plaintiff,

14   as the authors).  Thus, Plaintiff has not pled, and thus cannot establish, that

15   Defendants made an express representation regarding Plaintiff's affiliation with or

16   sponsorship and endorsement of Defendants' *BMF* series.

17           2.    Plaintiff Provides, at Best, Evidence of Coincidental Use of
                 "BMF"

18       Nothing in the Am. Complaint indicates that the "outer limits" of the *Rogers*

19   test, as articulated in *Gordon*, should apply here.  While Plaintiff has, for the first

20   time, alleged aspects of his **own** purported use of "BMF," much of the cited use

21   (Am. Compl. ¶¶ 9-10, 12-14) is irrelevant to the *Rogers* test, in particular those

22   allegations of use that are facially questionable.  *Supra*, at Sec. II(B).  The First

23   Amendment strongly favors protecting a junior user's interests when the senior user

24   and junior user use the mark in different ways.  *See Gordon*, 909 F.3d at 270;

25   *Twentieth Century Fox Television*, 875 F.3d 1192 (finding in defendant's favor as

26   the plaintiff's use of a mark was in connection with a recording label and

27   defendant's use of the mark was in connection with a TV show).  Here, no

28

alignment of use exists between Defendants' accused use for the Series and Plaintiff's alleged use of "BMF" for promotions, production, or sports training.

And even if parties use a mark in the exact same manner, the junior user's use of the mark may not be explicitly misleading. *ComicMix*, 983 F.3d at 463 (defendant's use of *Oh, the Places You'll Boldly Go!* was not explicitly misleading to plaintiff's use of *Oh, the Places You'll Go!* even though both parties used the marks in connection with books). At best, Plaintiff purports to have produced a short video on YouTube, uploaded in December 2019 **after** Defendants announced their own series and with fewer than 5,200 total views, titled "BMF The Series." But as shown in the Am. Complaint and set forth above, Defendants clearly identified they were the source of and responsible for their Series, without any indication or suggestion of involvement or sponsorship by Plaintiff. And even the supposed similarities of the parties' respective use are limited, at best. Defendants' initialism of "BMF" differs from Plaintiff's alleged initialism ("Black Mafia Family vs. "Building Money First") and Plaintiff concedes that the two series deal with different stories (the real-life Black Mafia Family, as opposed to Plaintiff's alleged own story). This factor clearly favors Defendants.

### 3. Defendants Have Added Their Own Expressive Content to the Work Beyond the "BMF" Mark Alone

The concern that consumers will be misled about the source of a product "is generally allayed when the mark is used as only one component of a junior user's larger expressive creation, such that the use of the mark at most implicitly suggest[s] that the product is associated with the mark's owner." *Gordon*, 909 F.3d at 271 (citations and internal quotations omitted); *see also* J. Thomas McCarthy, McCarthy On Trademarks & Unfair Competition § 31:144.50 (5th ed.) ("[T]he deception or confusion must be relatively obvious and express, not subtle and implied").

Here, Defendants' use of "BMF" is in explicit relation to the real-life Black



Mafia Family—which, again, is a fact conceded by Plaintiff in the Complaint. Am. Compl. ¶ 19. It is both natural and intentional for a series based on a historical organization to use the real-life organization's own acronym as the shortened name for the series and as a logo for the promotion of the series. Therefore, the use of "BMF" as a shortened-title for the Series is just one of many elements of Defendants' larger expressive creation—the Series itself. *See Betty's Found. for Elimination of Alzheimer's Disease v. Trinity Christian Ctr. of Santa Ana, Inc*., 2021 WL 3046889, at *4 (C.D. Cal. Apr. 7, 2021), aff'd, 2022 WL 807391 (9th Cir. Mar. 16, 2022) ("The Ninth Circuit stated in *Gordon* that when a mark is used as "the title of an expressive work—such as the title of a movie, a song, a photograph, or a television show—the mark obviously serve[s] as only one element of the [work] and the [junior user's] artistic expressions.") (quoting *Gordon*, 909 F.3d at 271) (alterations in original); *Deus ex Machina*, 2020 WL 6875178, at *6 (finding "defendants have added their own expressive content to the [movie] beyond the mark itself" where the "mark play[ed] only a part in [the] movie"). All told, this factor again favors Defendants.

## V.  **CONCLUSION**

Plaintiff was granted the opportunity to file an amended complaint to address the specific deficiencies identified by the Court's prior order. As Plaintiff declined to take advantage of this opportunity by failing to articulate even the barest hint of "explicitly misleading" conduct by Defendants and instead included irrelevant and factually questionable material, the Amended Complaint, in its entirety, should be dismissed with prejudice.



1    DATED: August 1, 2022          KILPATRICK TOWNSEND & STOCKTON
2                                    LLP

3
                                     By:    */s/ Dennis L. Wilson*
4                                          DENNIS L. WILSON
                                           KEVIN M. BELL
5                                          OLIVIA POPPENS

6                                    Attorneys for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 2:21-CV-9586 FWS                                                    - 15 -

TOWNSEND 76284587 2