## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-09586-FWS-PLA                            Date: September 20, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                                        Not Present

**PROCEEDINGS: ORDER ON REMAND DENYING DEFENDANTS' MOTION TO DISMISS [59]**

In this case, Plaintiff Byron Belin ("Plaintiff") alleges that Defendant Starz Entertainment, LLC; Defendant Lions Gate Entertainment, Inc.; Defendant Curtis James Jackson, III, aka 50 Cent; Defendant G-Unit Brands, Inc., and Defendant G-Unit Film and Television, Inc. (collectively, "Defendants") infringe his trademark. (*See generally* Dkt. 58 ("Second Amended Complaint" or "SAC").) Following remand from the Ninth Circuit, before the court is Defendants' Motion to Dismiss the SAC. (Dkt. 59 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 61 ("Opp.").) Defendants filed a Reply in support of the Motion. (Dkt. 62 ("Reply").) In addition, the court has considered the supplemental briefing the parties submitted on remand. (Dkt. 91 ("D. Supp."); Dkt. 92 ("P. Supp."); Dkt. 94 ("D. Supp. Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for October 3, 2024, is **VACATED** and off calendar. Based on the record, as applied to the applicable law, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-09586-FWS-PLA   Date: September 20, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

I. **Background**

    A. **Summary of the SAC's Allegations[1]**

Plaintiff has a registered trademark in Class 41 (which includes "[e]ntertainment media production services for motion pictures, television and Internet" and "entertainment services in the nature of a non-fiction television programming series on topics relating to family stories told by family members to preserve their heritage") for the letters "BMF" (the "BMF Mark"), which to Plaintiff "stands for 'Building Money First.'" (SAC ¶¶ 14-15, 22, Ex. A.) Plaintiff and his business partner use the BMF Mark in several ways. First, they use the BMF Mark "in connection with their YouTube series entitled 'BMF The Series,'" which "features a storyline based on [Plaintiff's] and his cohorts' real life experiences building a drug empire during the late 1980s – 1990s." (*Id.* ¶¶ 14, 16.) Second, Plaintiff and his business partner use the BMF Mark in "their business enterprise, 'BMF Promotions,' which" is "licensed through the Texas Department of Licensing and Regulations" and, "among other things, promotes amateur boxers and MMA fighters, music, television production, music, sports/exhibitions, live stage performances, film, and online gaming." (*Id.* ¶¶ 14, 17.) Third, Plaintiff and his business partner use the BMF Mark in connection with managing "a FaceBook page and group devoted to building a community related to these same categories." (*Id.* ¶ 14.) Fourth, Plaintiff is "licensed under the BMF Mark as a certified kickboxing instructor and nutritionist through the International Sports Sciences Association (ISSA), and sells T-shirts bearing the BMF Mark in connection with these activities." (*Id.* ¶ 18). Fifth, Plaintiff "uses the BMF Mark to rent music and video production equipment to third parties." (*Id.* ¶ 19.) Plaintiff "has expended considerable effort promoting and establishing name recognition for his BMF Mark" through "extensive marketing and sales" and "has continuously marketed and sold services using" the

---

[1] For purposes of the Motion, the court "accept[s] factual allegations in the [FAC] as true and construes the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: September 20, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

BMF Mark "since at least 2017, using platforms such as Facebook and YouTube." (*Id.* ¶¶ 1, 15, 20, 22.)

In April 2020, Plaintiff became aware of Defendants' "intention of producing a television series based on the story of drug-trafficking organization, Black Mafia Family" (the "Series"). (*Id.* ¶ 26.) In promoting the Series, Defendants have used the BMF Mark, and even "chose to retitle their show before release from 'Black Mafia Family' to 'BMF.'" (*Id.* ¶¶ 36-38.) "The use of [Plaintiff's] BMF Mark" in connection with the Series "is without [Plaintiff's] authorization and consent." (*Id.* ¶ 27.) "Defendants' unauthorized use of [Plaintiff's] BMF Mark alone, without reference to the 'Black Mafia Family,' in Defendants' advertising and promotions falsely and explicitly indicates to consumers, and is likely to lead consumers to mistakenly believe, that Defendants' Series and products are in some manner connected with, sponsored by, endorsed by, affiliated with, related to, or approved by [Plaintiff]." (*Id.* ¶ 37; *see id.* ¶ 38.) Based on these allegations, the SAC asserts claims against Defendants for (1) trademark infringement in violation of the Lanham Act; (2) unfair competition and false designation of origin in violation of the Lanham Act; (3) contributory trademark infringement; (4) vicarious trademark infringement; and (5) trademark counterfeiting and false advertising. (*Id.* ¶¶ 49-93.)

### B. Procedural Background

Defendants previously moved to dismiss Plaintiff's First Amended Complaint and the SAC on the grounds that the First Amendment bars Plaintiff's claims under a test the Second Circuit articulated in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) (the "*Rogers* test"), which the Ninth Circuit later adopted in *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002). (*See generally* Dkt. 57 (Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint); Dkt. 68 (Order Granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, "MTD SAC Order").) The *Rogers* test imposes "a threshold filter" on trademark infringement claims; "[w]hen a title 'with at least some artistic relevance'

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: September 20, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

---

[is] not 'explicitly misleading as to source or content,' the claim [cannot] not go forward." *Jack Daniel's Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140, 154 (2023). In other words, "[u]nder *Rogers*, the Lanham Act only applies to expressive works if the plaintiff establishes the defendant's use of the mark is either (1) not artistically relevant to the underlying work or (2) explicitly misleads consumers as to the source or content of the work." (MTD SAC Order at 6.) In the MTD SAC Order, in summary, the court found "that Defendants' use of the BMF Mark is artistically relevant to Defendants' Series" and that "Defendants' use is not explicitly misleading under *Rogers* as the case is applied in the Ninth Circuit." (*Id.* at 6, 9.) The court therefore granted the Motion without leave to amend. (*Id.* at 11.)

"Several months after" the court issued the MTD SAC Order, "the Supreme Court decided *Jack Daniel's*" Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023). (Dkt. 83 (Ninth Circuit Memorandum Decision, "Mem.") at 2.) "*Jack Daniel's* [] limit[ed] the scope of *Rogers'* protection" such that "application of the *Rogers* test 'is not appropriate when the accused infringer has used a trademark to designate the source of its own goods—in other words, has used a trademark as a trademark.'" (*Id.* (quoting *Jack Daniel's*, 599 U.S. at 145).) Accordingly, the Ninth Circuit "remand[ed] for the district court to consider in the first instance whether the defendants use the BMF Mark as a trademark. If the district court determines that they use the BMF mark to designate the source of their own goods, then *Rogers* no longer applies, and the court should proceed to the traditional likelihood of confusion analysis." (Dkt. 83 at 3 (citing *Punchbowl, Inc. v. AJ Press, Inc.*, 90 F.4th 1022, 1024 (9th Cir. 2024)).)

### II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09586-FWS-PLA                                                            Date: September 20, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." (*Id.* at 555) (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." (*Id.* at 996) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." (*Id.*) (quoting *Starr*, 652 F.3d at 1216; *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: September 20, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss under Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

### III. Discussion

As the Ninth Circuit directed, the court "consider[s] in the first instance whether the defendants use the BMF mark as a trademark." (Mem. at 3.) The court finds that Defendants do use the BMF Mark as a trademark. Accordingly, the court "should proceed to the traditional

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: September 20, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

likelihood of confusion analysis." (*Id*.) However, the court determines that under the circumstances presented here, this analysis is better performed on a fuller record at summary judgment.

### A. Whether Defendants Use the BMF Mark as a Trademark

A trademark "tells the public who is responsible for a product"; it "identifies a product's source (this is a Nike) and distinguishes that source from others (not any other sneaker brand)." *Jack Daniel's*, 599 U.S. at 146; *see id.* at 156-67 ("From its definition of 'trademark' onward, the Lanham Act views marks as source identifiers—as things that function to 'indicate the source' of goods, and so to 'distinguish' them from ones 'manufactured or sold by others.'"). "A source-identifying mark enables customers to select the goods and services that they wish to purchase, as well as those they want to avoid," and also allows "the producer of a quality product [to] derive significant value from its marks" by "ensur[ing] that the producer itself—and not some 'imitating competitor'—will reap the financial rewards associated with the product's good reputation." *Id.* at 146 (citations omitted); *see id.* at 147 (referring to "the law's twin goals of facilitating consumers' choice and protecting producers' good will").

As stated, the Supreme Court held in *Jack Daniel's* that using the *Rogers* test "is not appropriate when the accused infringer has used a trademark to designate the source of its own goods—in other words, has used a trademark as a trademark." 599 U.S. at 145; *see id.* at 152-53 (characterizing the relevant question as "Should the company have had to satisfy the *Rogers* threshold test before the case could proceed to the Lanham Act's likelihood-of-confusion inquiry?" and "hold[ing] that [*Rogers*] does not [apply] when an alleged infringer uses a trademark in the way the Lanham Act most cares about: as a designation of source for the infringer's own goods"). In *Jack Daniel's*, because the makers of the Bad Spaniels toy "used the marks derived from Jack Daniel's in that way," that is, in the source-identifying way of a trademark, the *Rogers* test did not apply and "the infringement claim [] r[ose] or f[ell] on likelihood of confusion." *Id.* at 153; *see id.* at 159-60 ("Here, the District Court correctly held

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: September 20, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

that 'VIP uses its Bad Spaniels trademark and trade dress as source identifiers of its dog toy.' . . . Because that is so, the only question in this suit going forward is whether the Bad Spaniels marks are likely to cause confusion"). Following *Jack Daniel's*, the Ninth Circuit in *Punchbowl, Inc. v. AJ Press, LLC*, found that AJ Press used the "Punchbowl" mark in connection with its *Punchbowl News* to "designate the source of its own goods—in other words, ha[d] used a trademark as a trademark" and therefore "h[e]ld that *Rogers* does not apply." 90 F.4th 1022, 1031 (9th Cir. 2024).

Using the *Rogers* test, however, remains appropriate in cases "in which a trademark is used not to designate a work's source, but solely to perform some other expressive function." *Jack Daniel's*, 599 U.S. at 154; *see id.* at 155-56 ("[T]he *Rogers* test has applied only to cases involving 'non-trademark uses'—or otherwise said, cases in which 'the defendant has used the mark' at issue in a 'non-source-identifying way.'"). This includes cases like *Mattel*, 296 F.3d 894, 901, where the Ninth Circuit reasoned that a band's use of the Barbie name was "not [as] a source identifier" because "[t]he use did not "speak[ ] to [the song's] origin"; *University of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1279 (11th Cir. 2012), where the Eleventh Circuit "dismissed a suit under *Rogers* when a sports artist depicted the Crimson Tide's trademarked football uniforms solely to 'memorialize' a notable event in 'football history'"; and *Louis Vuitton Malletier S. A. v. Warner Bros. Entertainment Inc.*, 868 F. Supp. 2d 172 (S.D.N.Y. 2012), where "a district court dismissed the complaint under *Rogers*" when "Louis Vuitton sued because a character in the film The Hangover: Part II described his luggage as a 'Louis Vuitton' (though pronouncing it *Lewis*)," and "[a]ll parties agreed that the film was not using the Louis Vuitton mark as its 'own identifying trademark.'" *Jack Daniel's*, 599 U.S. at 154-155. The idea is that in these circumstances, "'confusion will usually be unlikely,' and the 'interest in free expression' counsels in favor of avoiding the standard Lanham Act test." *Id.* at 155 (quoting *Louis Vuitton Malletier S. A.*, 868 F. Supp. 2d at 180).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09586-FWS-PLA                                      Date: September 20, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

The court is tasked on remand with determining whether Defendants use the BMF Mark as a trademark (Mem. at 3)—that is, whether this case is more like *Jack Daniel's* and *Punchbowl* or more like the cases where the *Rogers* test applies. The court finds this case is more like *Jack Daniel's* and *Punchbowl*, and therefore concludes "*Rogers* does not apply." *Punchbowl*, 90 F.4th at 1031. "The reason is straightforward:" Plaintiff plausibly alleges that Defendants use the BMF Mark to "to 'identify and distinguish'" the Series, or to "designate the source of [their] own goods—in other words, ha[ve] used a trademark as a trademark." *Id.* (quoting *Jack Daniel's*, 599 U.S. at 145, 160); (*see, e.g.*, SAC ¶ 36 ("Defendants chose to retitle their show before release from 'Black Mafia Family' to 'BMF.'"); *id.* ¶ 47 ("'BMF' is used as a source identifier."); *Mar Vista Ent., LLC v. THQ Nordic AB*, 2024 WL 3468933, at *2 (C.D. Cal. July 8, 2024) (finding "the *Rogers* test is inapplicable at this stage," in part because the complaint alleged that the defendant used "Alone in the Dark" as a trademark to mislead consumers about the source of its movie, and the court had to accept those allegations as true and construe them in the light most favorable to the plaintiff). Indeed, the court notes that Defendants have filed a trademark application to register their own "BMF" mark in Class 9 (mobile phone cases and related goods), Class 14 (jewelry), Class 16 (pens, pencils and related goods), Class 18 (bags), and Class 21 (beverage ware). (Dkt. 93, Ex. 1[2]; D. Supp. Reply at 6

---

[2] Plaintiff included with his supplemental briefing a Request for Judicial Notice, (Dkt. 93, "RJN"), which Defendants do not oppose, (D. Supp. Reply at 6 n.3.). In the RJN, Plaintiff asks the court to take judicial notice of a "Print out of United States Patent and Trademark Office search result from https://tsdr.uspto.gov/#caseNumber=97000674&caseSearchT ype=US_APPLICATION&caseType=DEFAULT&searchTy pe=statusSearch showing the pending status of Defendant G-Unit Brands, Inc. trademark application for the Mark 'BMF' retrieved on September 4, 2024." (Dkt. 93 at 2.) The court finds that it may take judicial notice of this document and therefore **GRANTS the RJN**. *See, e.g.*, *WheelImage Corp. v. Axial Mfg.*, 2024 WL 1012847, at *3 (C.D. Cal. Mar. 5, 2024) ("It is also appropriate to take judicial notice of public records on file with federal agencies like the United States Patent and Trademark Office ('USPTO').") (collecting cases).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: September 20, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

n.3); *see Punchbowl*, 90 F.4th at 1031 (finding relevant to the court's conclusion that the Punchbowl Mark was used to "'identify and distinguish' AJ Press's news products" the fact that "AJ Press has filed trademark applications to register the marks 'Punchbowl News' and 'Punchbowl Press'").

The court further finds that the fact that Defendants use other source-identifying terms in conjunction with the BMF Mark, "such as STARZ, STARZPLAY," and references to "the executive producer of the Series, Mr. Jackson, aka '50 Cent,' and his company, G-Unit," (D. Supp. at 6; *see also* D. Supp. Reply at 1), "does not take away from [Defendants'] use of '[BMF]' in [their] mark, as a mark." *Punchbowl*, 90 F.4th at 1031. In other words, the court finds that just because there are other source-identifiers present alongside the BMF Mark does not mean that the BMF Mark is not also used as a source-identifier; the court sees no reason why BMF and STARZ could not both be used as trademarks with reference to the Series. *See id*; *see, e.g.*, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 629 (9th Cir. 2005) (addressing "Survivor" trademark from television show *Survivor*). Additionally, although "[i]t is true that as used by [Defendants], the [BMF] Mark has expressive qualities," *id.*, including the fact that it is a "shortened title," "shortened name," or "initialism of the title of the Series," "Black Mafia Family," (D. Supp. at 6; D. Supp. Reply at 3), "that was true in *Jack Daniel's* as well. It did not change matters there, and it cannot do so here." *Punchbowl*, 90 F.4th at 1031.

Defendants argue their "use of BMF is similar to the use of the name 'Barbie in *Mattel, Inc.*, which the Supreme Court cited in *Jack Daniel's*, as an example of a trademark 'used not to designate a work's source, but solely to perform some other expressive function,'" because "[a]s in *Mattel*, Defendants use 'BMF' to describe the content of the underlying work (the real life organization that called itself BMF), not to 'speak[] to its origin.'" (D. Supp. at 8 (citing 599 U.S. at 154 (citing *Mattel*, 296 F. 3d 900)).) The court is not persuaded.[3] In contrast to the

---

[3] "To be clear, however, the expressive nature of [Defendants'] use of the [BMF] Mark and the fact that" BMF is an abbreviation for "Black Mafia Family" "will certainly be relevant in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: September 20, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

reference to Barbie in the band's song, or the reference to Louis Vuitton in The Hangover: Part II, Plaintiff alleges Defendants use the BMF Mark as the title of their show and to identify the source of their own material. (*See, e.g.*, SAC ¶¶ 36-37, 47); *see also McGillvary v. Netflix, Inc.*, 2024 WL 3588043, at *13 (C.D. Cal. July 30, 2024) ("At the threshold inquiry, a documentary about the criminal acts of a public figure is obviously an expressive work and Netflix used the mark, "The Hatchet Wielding Hitchhiker," not to identify its source but to identify its subject-matter; no viewer would think that McGillvary was the source of a documentary describing in detail the evidence that led to his murder conviction."). Put differently, the Barbie song and the Hangover movie referenced trademarks in a way that could not plausibly have represented that the band or movie was affiliated with those marks; here, Plaintiff alleges Defendants are using the BMF Mark to identify and distinguish their own show. *Cf. Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC*, 2024 WL 3086551, at *3 (C.D. Cal. June 10, 2024) (finding, in preliminary injunction analysis of likelihood of success on the merits, that the defendant's artwork, titled *Beverly Hills Coconut*, which "use[d] the Stylized Mark to accurately depict a pina colada sold by Plaintiff, "use[d] the Stylized Mark as a source identifier," and therefore "the *Rogers* test [was] inapplicable").

In summary, the court finds Plaintiff plausibly alleges that Defendants use the BMF Mark "to identify or brand [Defendants'] goods or services"—i.e., as a trademark. *Jack Daniel's*, 599 U.S. at 156.

---

likelihood-of-confusion analysis. *Punchbowl, Inc.*, 90 F.4th at 1032. "When companies operating in different spaces use the same common words as trademarks with different expressive connotations, it reduces the likelihood of confusion." *Id.*; *cf. Jack Daniel's*, 599 U.S. at 161 (noting that "a trademark's expressive message—particularly a parodic one, as VIP asserts—may properly figure in assessing the likelihood of confusion").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09586-FWS-PLA　　　　　　　　　　　　　　　Date: September 20, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

### B. Likelihood of Consumer Confusion

Because the "court determines that [Defendants] use the BMF mark to designate the source of their own goods, then *Rogers* no longer applies, and the court should proceed to the traditional likelihood of confusion analysis." (Mem. at 3.) However, the parties have not briefed the traditional likelihood of confusion analysis. (*See generally* Mot.; Opp.; Reply; D. Supp.; P. Supp.; D. Supp. Reply.) And even if they had, the court observes that courts regularly conclude that resolution of likelihood of consumer confusion issues at the motion to dismiss stage is inappropriate because factual issues are often involved. *See, e.g.*, *Botanic Tonics, LLC v. Shot of Joy, LLC*, 2024 WL 2209773, at *6 (C.D. Cal. Apr. 1, 2024) ("The existence of consumer confusion is a fact-intensive analysis that does not lend itself to a motion to dismiss."); *Glob. Apogee v. Sugarfina, Inc.*, 2018 WL 4945305, at *3 (C.D. Cal. Oct. 10, 2018) (denying motion to dismiss and finding "it is premature to conduct a likelihood of confusion analysis and the marks are related enough to survive a dismissal at this stage"); *Los Robles Emergency Physicians Med. Grp. v. Stanford-Franz*, 2024 WL 3055492, at *2 (C.D. Cal. Mar. 25, 2024) ("Stanford-Franz's Rule 12(b)(6) argument invites the Court to evaluate the factual strength of Plaintiffs' claims using the *Sleekcraft* factors. This is inappropriate at the motion to dismiss stage, and the Court declines to convert the motion into one for summary judgment."). The court finds that this case does not present "the rare situation" where decision regarding the likelihood of consumer confusion on a motion to dismiss is appropriate. *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

### IV. Disposition

For the reasons stated above, the Motion is **DENIED**. Defendants shall file an answer to the SAC on or before **October 11, 2024**.

Initials of Deputy Clerk: mku