## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-09586-FWS-PLA                              Date: October 25, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                                       Not Present

**PROCEEDINGS: ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND STAY OF ACTION [96]**

In this case, Plaintiff Byron Belin ("Plaintiff") alleges that Defendant Starz Entertainment, LLC; Defendant Lions Gate Entertainment, Inc.; Defendant Curtis James Jackson, III, aka 50 Cent; Defendant G-Unit Brands, Inc.; and Defendant G-Unit Film and Television, Inc. (collectively, "Defendants") infringe his trademark. (*See generally* Dkt. 58 ("Second Amended Complaint" or "SAC").) In 2022 and 2023, the court granted Defendants' motions to dismiss Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint under a test the Second Circuit articulated in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) (the "*Rogers* test"), which the Ninth Circuit later adopted in *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002). (Dkts. 50, 57, 68.) Plaintiff appealed, and in 2024, the Ninth Circuit remanded because a new case, *Jack Daniel's Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140 (2023), had "limit[ed] the scope of *Rogers*' protection." (Dkt. 83 (Ninth Circuit Memorandum Decision, "Mem.") at 2.) Following remand, the court denied Defendants' motion to dismiss the SAC. (Dkt. 95 ("Remand MTD Order").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09586-FWS-PLA                                   Date: October 25, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

Now before the court is Defendants' Motion for Certification of Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Stay of Action, in which Defendants ask the court to certify the Remand MTD Order for interlocutory appeal. (Dkt. 96 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 98 ("Opp.").) Defendants filed a Reply in support of the Motion. (Dkt. 99 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for November 7, 2024, is **VACATED** and off calendar. Based on the record, as applied to the applicable law, the Motion is **DENIED**.

**I.     Background**

    **A.     Summary of the SAC's Allegations**

As explained in more detail in the MTD Order, Plaintiff has a registered trademark for the letters "BMF" (the "BMF Mark"), which to Plaintiff "stands for 'Building Money First.'" (SAC ¶¶ 14-15, 22, Ex. A.) Among other uses, Plaintiff and his business partner use the BMF Mark "in connection with their YouTube series entitled 'BMF The Series,'" which "features a storyline based on [Plaintiff's] and his cohorts' real life experiences building a drug empire during the late 1980s – 1990s"; in "their business enterprise, 'BMF Promotions,' which . . . promotes amateur boxers and MMA fighters, music, television production, music, sports/exhibitions, live stage performances, film, and online gaming"; and in connection with managing "a FaceBook page and group devoted to building a community related to these same categories." (*Id.* ¶ 14, 16-17.)

In April 2020, Plaintiff became aware of Defendants' "intention of producing a television series based on the story of drug-trafficking organization, Black Mafia Family" (the "Series").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09586-FWS-PLA                                   Date: October 25, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

(*Id.* ¶ 26.)  In promoting the Series, Defendants have used without Plaintiff's consent the BMF Mark, and even "chose to retitle their show before release from 'Black Mafia Family' to 'BMF.'"  (*Id.* ¶¶ 27, 36-38.)  "Defendants' unauthorized use of [Plaintiff's] BMF Mark alone, without reference to the 'Black Mafia Family,' in Defendants' advertising and promotions falsely and explicitly indicates to consumers, and is likely to lead consumers to mistakenly believe, that Defendants' Series and products are in some manner connected with, sponsored by, endorsed by, affiliated with, related to, or approved by [Plaintiff]."  (*Id.* ¶ 37; *see id.* ¶ 38.)

Based on these allegations, the SAC asserts claims against Defendants for (1) trademark infringement in violation of the Lanham Act; (2) unfair competition and false designation of origin in violation of the Lanham Act; (3) contributory trademark infringement; (4) vicarious trademark infringement; and (5) trademark counterfeiting and false advertising.  (*Id.* ¶¶ 49-93.)

### B.  Procedural Background

As stated, the court previously dismissed Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint on the grounds that the First Amendment bars Plaintiff's claims under the *Rogers* test.  (*See generally* Dkt. 50 (Order Granting Defendants' Motion to Dismiss Plaintiff's Complaint); Dkt. 57 (Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint); Dkt. 68 (Order Granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, "Original MTD SAC Order").)  The *Rogers* test imposes "a threshold filter" on trademark infringement claims; "[w]hen a title 'with at least some artistic relevance' [is] not 'explicitly misleading as to source or content,' the claim [cannot] not go forward." *Jack Daniel's Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140, 154 (2023).  In the Original MTD SAC Order, in summary, the court found "that Defendants' use of the BMF Mark is artistically relevant to Defendants' Series" and that "Defendants' use is not explicitly misleading under *Rogers* as the case is applied in the Ninth Circuit."  (*Id.* at 6, 9.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: October 25, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

The court therefore granted Defendants' motion to dismiss the Second Amended Complaint without leave to amend. (*Id.* at 11.)

"Several months after" the court issued the Original MTD SAC Order, "the Supreme Court decided *Jack Daniel's*," which "limit[ed] the scope of *Rogers'* protection" such that "application of the *Rogers* test 'is not appropriate when the accused infringer has used a trademark to designate the source of its own goods—in other words, has used a trademark as a trademark.'" (Mem. at 2) (quoting *Jack Daniel's*, 599 U.S. at 145).) The Ninth Circuit therefore "remand[ed] for the district court to consider in the first instance whether the defendants use the BMF Mark as a trademark. If the district court determines that they use the BMF mark to designate the source of their own goods, then *Rogers* no longer applies, and the court should proceed to the traditional likelihood of confusion analysis." (*Id.* (citing *Punchbowl, Inc. v. AJ Press, Inc.*, 90 F.4th 1022, 1024 (9th Cir. 2024)).)

    C.    **The Remand MTD Order**

In the Remand MTD Order, in summary, the court "f[ound] that Defendants do use the BMF Mark as a trademark," meaning that the court "should proceed to the traditional likelihood of confusion analysis." (Remand MTD Order at 6-7 (quoting Mem. at 3).) As the court explained,

> "The reason is straightforward:" Plaintiff plausibly alleges that Defendants use the BMF Mark to "to 'identify and distinguish'" the Series, or to "designate the source of [their] own goods—in other words, ha[ve] used a trademark as a trademark." *Id.* (quoting *Jack Daniel's*, 599 U.S. at 145, 160); (*see, e.g.*, SAC ¶ 36 ("Defendants chose to retitle their show before release from 'Black Mafia Family' to 'BMF.'"); *id.* ¶ 47 ("'BMF' is used as a source identifier."); *Mar*

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: October 25, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

*Vista Ent., LLC v. THQ Nordic AB*, 2024 WL 3468933, at *2 (C.D. Cal. July 8, 2024) (finding "the *Rogers* test is inapplicable at this stage," in part because the complaint alleged that the defendant used "Alone in the Dark" as a trademark to mislead consumers about the source of its movie, and the court had to accept those allegations as true and construe them in the light most favorable to the plaintiff). Indeed, the court notes that Defendants have filed a trademark application to register their own "BMF" mark in Class 9 (mobile phone cases and related goods), Class 14 (jewelry), Class 16 (pens, pencils and related goods), Class 18 (bags), and Class 21 (beverage ware). (Dkt. 93, Ex. 1; D. Supp. Reply at 6 n.3); *see Punchbowl*, 90 F.4th at 1031 (finding relevant to the court's conclusion that the Punchbowl Mark was used to "'identify and distinguish' AJ Press's news products" the fact that "AJ Press has filed trademark applications to register the marks 'Punchbowl News' and 'Punchbowl Press'").

The court further finds that the fact that Defendants use other source-identifying terms in conjunction with the BMF Mark, "such as STARZ, STARZPLAY," and references to "the executive producer of the Series, Mr. Jackson, aka '50 Cent,' and his company, G-Unit," (D. Supp. at 6; *see also* D. Supp. Reply at 1), "does not take away from [Defendants'] use of '[BMF]' in [their] mark, as a mark." *Punchbowl*, 90 F.4th at 1031. In other words, the court finds that just because there are other source-identifiers present alongside the BMF Mark does not mean that the BMF Mark is not also used as a source-identifier; the court sees no reason why BMF and STARZ could not both be used as trademarks with reference to the Series. *See id*; *see,*

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: October 25, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

> *e.g.*, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 629 (9th Cir. 2005) (addressing "Survivor" trademark from television show *Survivor*). Additionally, although "[i]t is true that as used by [Defendants], the [BMF] Mark has expressive qualities," *id.*, including the fact that it is a "shortened title," "shortened name," or "initialism of the title of the Series," "Black Mafia Family," (D. Supp. at 6; D. Supp. Reply at 3), "that was true in *Jack Daniel's* as well. It did not change matters there, and it cannot do so here." *Punchbowl*, 90 F.4th at 1031.

(*Id.* at 9-10.) However, the court "determine[d] that under the circumstances presented here, this analysis is better performed on a fuller record at summary judgment." (*Id.* at 7.)

## II.   Legal Standard and Discussion

In the Motion, Defendants ask the court to certify the Remand MTD Order for interlocutory appeal. In general, an order is appealable only if it represents the final judgment in the action. *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). However, 28 U.S.C. § 1292(b) sets forth a "narrow" exception to the final judgment rule—one that is only appropriate under "rare" and "exceptional circumstances," and "not . . . . merely to provide review of difficult rulings in hard cases." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (explaining that "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly" and applied only in "rare circumstances"). Certification to appeal an order that is not a final judgment under Section 1292(b) is only appropriate when: (1) the order "involves a controlling question of law," (2) the question is one "as to which there is substantial ground for difference of opinion," and (3) "an

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-09586-FWS-PLA | Date: October 25, 2024 |
| Title: Byron Belin v. Starz Entertainment, LLC, *et al.* | |

immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

In this case, there is no question that an appeal of the Remand MTD Order "may materially advance the ultimate termination of the litigation." *Id.* Indeed, if the Ninth Circuit were to reverse, the case would end. (*See* Mot. at 3, 6, 10-11; Reply at 7-8.) Similarly, the question at issue in the Remand MTD Order is "controlling." (*See* Mot. at 5-6; Reply at 1.) A question of law is "controlling" if resolving it on appeal could materially affect the outcome of the litigation in the district court," thereby "avoid[ing] protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Again, that is the case here—if the Ninth Circuit concluded that Defendants do *not* use the BMF Mark as a trademark, the case would end, "avoid[ing]" what is certain to be "protracted and expensive litigation." *Id.*; (Mot. at 3, 6, 10-11; Reply at 1). However, the court finds that a review of the Remand MTD Order does not "involve[] a controlling question *of law*." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (emphasis added). Accordingly, even if the court found there were "substantial ground for difference of opinion," the court would deny the motion. *Id.*; *cf. Henley v. Jacobs*, 2019 WL 8333448, at *3 (N.D. Cal. Oct. 25, 2019) ("Defendant contends that a successful appeal 'would end the litigation.' If the Court were to accept that argument, essentially all "potentially dispositive interlocutory orders would be automatically appealable.'") (internal citation omitted).

To be a "controlling question of law" and therefore a proper subject of an interlocutory appeal, the question must be a pure question of law, not a mixed question of law and fact or an application of law to a particular set of facts. *See Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675-77 (7th Cir. 2000); *Sateriale v. RJ Reynolds Tobacco Co.*, 2015 WL 3767424, at *2 (C.D. Cal. June 17, 2015) (internal quotation omitted) ("The legal question must be stated at a high enough level of abstraction to lift the question out of the details of . . . a particular case and give it general relevance to other cases in the same area of law."). A pure

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09586-FWS-PLA          Date: October 25, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

question of law is one that the Court of Appeals can "decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677; *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

Here, the court finds deciding whether Defendants use the BMF Mark as a trademark is not a question that can be answered "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677; *see Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) (denying motion to certify for interlocutory appeal question that "would likely be fact-intensive, unique to this case, and not the abstract type of question could be decided without significant engagement with the facts of this case"). Rather, resolving that question requires applying the law to the facts—a mixed question of law and fact not appropriate for certification. *See, e.g.*, *Moebius v. HB USA Holdings, Inc.*, 2021 WL 9747608, at *3 (C.D. Cal. Sept. 3, 2021) (explaining that there was no controlling question of law when a party expected the Ninth Circuit to redo the district court's analysis of conducting a side-by-side analysis of copyrighted and allegedly infringing works); *Doe v. Meta Platforms, Inc.*, 2024 WL 4375776, at *1 (N.D. Cal. Oct. 2, 2024) ("The question that Meta wants the Ninth Circuit to address is not a controlling question of law, but a mixed question of law and fact. In reaching my conclusion I considered the facts alleged and found they sufficed to adequately plead intent under *United States v. Christensen*, 828 F.3d 763, 790 (9th Cir. 2015)."); *Cyr v. Reliance Standard Life Ins. Co.*, 2024 WL 3055486, at *2 (C.D. Cal. Jan. 9, 2024) (finding no controlling question of law when the question sought to be certified was "not purely one of law devoid of any question of fact; indeed, the facts [were] integrated into the question" and "Defendants challenge[d] the Court's application of law to a particular set of facts"); *Henley v. Jacobs*, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) (explaining that whether pleadings alleged sufficient facts to defeat motion to dismiss "concern[ed] the Court's application of the law to the facts alleged in the pleadings—sometimes referred to as mixed questions of law and fact," which "are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-09586-FWS-PLA                              Date: October 25, 2024
Title: Byron Belin v. Starz Entertainment, LLC, *et al.*

appropriate for interlocutory certifications under § 1292(b)") (internal citation omitted).

Defendants argue "there is no dispute that the [Remand MTD] Order does rule on a controlling issue of law—namely, whether the *Rogers* test applies as to Defendants' alleged use of 'BMF.'" (Mot. at 3-4.) But the court observes that the only way to determine "whether the *Rogers* test applies," (*id.*), is to answer the question the Ninth Circuit directed this court to answer on remand: "whether the defendants use the BMF Mark as a trademark." (Mem. at 3; *see* Reply at 1 ("[T]he Ninth Circuit itself clearly identified the question of law: '[W]hether the defendants use the BMF mark as a trademark.'"). That question is a quintessential instance of application of law to a particular set of facts. And "[t]he antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin*, 381 F.3d at 1259.

In summary, the court finds Defendants have failed to show that there is a "controlling question of law" for the Ninth Circuit to review. *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (emphasis added). Because the court finds Defendants have failed to show that there is a controlling question of law at issue, the court concludes Defendants have not met their burden to establish "all three § 1292(b) requirements." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *see also Jackson-Jones v. Epoch Everlasting Plan, LLC*, 2024 WL 3221738, at *3 (C.D. Cal. May 10, 2024) ("As § 1292(b) is conjunctive, Defendants must establish all three requirements."). Accordingly, the court determines that this is not one of the "rare" and "exceptional circumstances" in which the "narrow" exception to the final judgment rule applies. *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

**III.  Disposition**

For the reasons stated above, the Motion is **DENIED**.

Initials of Deputy Clerk: mku